**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4828

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD FITCH,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-04-0074)

Submitted: June 30, 2005          Decided: July 20, 2005

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Dennis H. Curry, Spencer, West Virginia, for Appellant. Kasey Warner, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Fitch pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). In his plea agreement and at the guilty plea hearing, Fitch admitted to no specific quantity of cocaine base distribution. At sentencing, the district court found, over Fitch's objection, that judicial fact-finding was permissible after Blakely v. Washington, 124 S. Ct. 2531 (2004).

In assessing an alleged admission to police that Fitch sold an "eight-ball" of cocaine base per week for "a couple of months," the district court found at the sentencing hearing that the arresting officer's testimony was more credible than Fitch's denial; when added to amounts of cocaine sold to a confidential informant and seized from Fitch's residence, the quantity of drugs for which the district court held Fitch responsible yielded a base offense level of twenty-eight. In addition, the district court found by a preponderance of the evidence that Fitch possessed a firearm in connection with the drug trade, under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2003), and applied a two-level sentence enhancement accordingly.

After being credited with a three-level adjustment for acceptance of responsibility, under U.S.S.G. §§ 3E1.1(a) and (b), Fitch's offense level was set at twenty-seven. This offense level provides for a sentencing range of 70-87 months for Fitch's

criminal history category.  Fitch was sentenced to seventy-eight months' imprisonment, followed by six years of supervised release.

On appeal, Fitch does not challenge his conviction.  He does, however, argue that his base offense level was calculated, in part, based on judicial fact-finding in violation of United States v. Booker, 125 S. Ct. 738 (2005).[1]  We agree.  While we affirm Fitch's conviction, we vacate his sentence because it was greater than that authorized by the facts he admitted in his guilty plea.  We therefore remand the case for resentencing in accordance with Booker.[2]

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  Id.  If that

---

[1]Fitch preserved this issue for appeal by raising it in the district court.

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Fitch's sentencing.

sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u> The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART, VACATED IN PART,</u>
<u>AND REMANDED</u>