**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-5160

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD FITCH,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-04-74)

Submitted: March 10, 2006         Decided: April 5, 2006

Before LUTTIG and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Dennis H. Curry, Spencer, West Virginia, for Appellant. Charles T. Miller, Acting United States Attorney, Monica L. Dillon, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ronald Fitch pled guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Fitch, under the formerly mandatory sentencing guidelines, to seventy-eight months' imprisonment. Fitch challenged his sentence on appeal, arguing that his offense level was calculated, in part, based on judicial fact-finding in violation of United States v. Booker, 543 U.S. 220 (2005). We agreed, vacating his sentence because it was greater than that authorized by the facts he admitted in his guilty plea. United States v. Fitch, No. 04-4828 (4th Cir. July 20, 2005) (unpublished). Thus, we remanded his case to the district court for resentencing in accordance with Booker.

At his resentencing hearing, Fitch asserted that the district court was obligated to find beyond a reasonable doubt all facts relevant to the imposition of his sentence. The district court rejected this argument and, based on Fitch's good behavior and the measures undertaken to treat his drug addiction, imposed a sentence of seventy-five months' imprisonment. Fitch again appeals, contending the district court erroneously made factual findings using a preponderance of the evidence standard.

After the Supreme Court's decision in Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540,

- 2 -

546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & 2005 Supp.). Id. As stated in Hughes, we will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47; see also United States v. Green, 436 F.3d 449, 455-56 (4th Cir. 2006).

"Consistent with the remedial scheme set forth in Booker, a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines." Hughes, 401 F.3d at 546. "The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guideline system has some flexibility in application." United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005); see also United States v. Dalton, 409 F.3d 1247, 1252 (10th Cir. 2005); United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

In light of these principles, we find no Booker error committed by the district court in its resentencing of Fitch. Furthermore, we reject Fitch's contention that his sentence based on the court's factual findings by a preponderance of the evidence

violated the Fifth Amendment. Accordingly, we affirm Fitch's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED